No. 45813.—Petition 5983–R of Ozalid Corporation (New York).

OLIVER, Presiding Judge: This is a petition praying for the remission of additional duties accruing under section 489, Tariff Act of 1930, by reason of the fact

that the final appraised·value exceeded the entered value of certain so-called positive reproduction paper, imported from Germany and entered at the port of New York.

It appears from the uncontradicted evidence offered by petitioner that prior to entry of the merchandise covered by the importations involved herein a conference was had in the office of the attorney for petitioner at which, in addition to the attorney, the vice president of the petitioner and a representative of the foreign manufacturer were present. Following that conference the attorney wrote the petitioner and enclosed a memorandum (copies of which were admitted in evidence as collective exhibit 1) embodying a request for information from the foreign exporter from which it might be determined whether or not there was a foreign-market value. The petitioner forwarded this request for information, and when the reply was received from the foreign manufacturer it was turned over to counsel for the petitioner.

It further appears that prior to entry of the merchandise herein inquiry was made of the customs examiner for information with respect to the proper dutiable value of this paper. At that time petitioner submitted to the examiner all of the information received by it from the German exporter. It further appears that the examiner requested additional information which was obtained by cable and was immediately submitted to him.

The question of the proper dutiable value of the merchandise involved herein was the subject of reappraisement proceedings in this court. On the trial before a single judge the claim of the importer (petitioner herein) was sustained (Reap. Dec. 4158). On appeal, the decision of the single judge was affirmed (Reap. Dec. 4292). A further appeal was taken to the Court of Customs and Patent Appeals which reversed the decision of the Appellate Division and dismissed the appeals on the ground that the importer had not shown that no similar merchandise was sold or offered for sale in the home market, in Germany, by other manufacturers than the exporter (27 C. C. P. A. 21, C. A. D. 56).

From an examination of the entire record before us, we are satisfied that the entry of the merchandise at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted, and judgment will issue accordingly.